IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASSIE RAINES,<br><br>      Plaintiff,<br><br>v.<br><br>AUTOMOTIVE INDUSTRIES, LLC,<br><br>      Defendant. | Case No. 25-CV-00549-SEH-MTS |

## OPINION AND ORDER

Before the Court is Defendant Automotive Industries, LLC's Motion for Leave to File Corporate Disclosure Statement Under Seal and Brief in Support. [ECF No. 28]. For the reasons stated below, Defendant's motion is denied. Defendant must file its disclosure statement under LCvR7.1 no later than February 20, 2026.

## I. Background

This case came before the Court for a telephonic scheduling conference on January 12, 2026. [ECF No. 23]. The Court reminded the parties to submit disclosure statements. [*Id.*]. Rather than filing a disclosure statement, Defendant filed the instant motion to file its disclosure statement under seal. Defendant seeks leave to file its disclosure statement under seal because it wishes to keep the identity of one of its "silent" LLC members out of the

public record for apparent business and professional reasons. [ECF No. 28 at 2].

## II. Discussion

### A. Failure to Comply with Local Rule 5.2-2

Before addressing the specific arguments raised by the parties in the briefing, the Court notes Defendant's failure to comply with the Court's Local Rules. The Local Rules set forth specific procedures for filing documents under seal. *See generally* LCvR5.2-2. Among other things, the rule requires parties seeking an order allowing a document to be filed under seal to file "a redacted version of the document to be sealed, if applicable, filed separately as a public document; and … an unredacted version of the document to be sealed, which must be filed separately under seal." LCvR5.2-2(b). Due to Defendant's failure to comply with LCvR5.2-2, the motion is denied. Although the motion is denied for failure to comply with the Local Rules, the Court will also address the additional arguments raised by the parties.

### B. The Parties' Arguments

In support of its motion, Defendant states that it is a limited liability company comprised of two individual members. [ECF No. 28 at 2]. One of the members "is actively involved in the operations of the LLC," while "[t]he other member is a 'silent' member who does not participate in day-to-day management, decision-making, or operations." [*Id.*]. Defendant also notes

2

that the silent LLC member is a "prominent local attorney in the Tulsa-area." [*Id*.]. Defendant identifies two main categories of potential harm if it were not permitted to file its disclosure statement under seal: (1) harm to the business; and (2) harm to the silent member. First, Defendant argues that disclosure of the silent member "would create a heightened risk of unwanted attention, speculation, and misunderstanding about the LLC's operations and finances among the people that Swift could least afford it: its customers, vendors, and employees." [*Id*.]. Second, Defendant argues that due to "the nature of [Plaintiff's] claims—which are heretofore unproven—could substantially harm the silent LLC member's legal practice, which is unrelated to any of the claims pending before the Court in this case." [*Id*.]. Defendant supports its assertions with the declaration of Kyle Al-Rifai, the Chief Executive Officer of Swift Collision, which is Defendant's tradename. [ECF No. 28-1 at 1].

Plaintiff responds in opposition with several arguments. Namely, Plaintiff argues that the LLC's members' level of personal knowledge and oversight is relevant, that the presumption of public access for judicial documents should require disclosure, and that "speculative claims of financial harm, and assertions" of confidential business information do not overcome the presumption of public access to court records. [ECF No. 29 at 1–5].

Defendant also filed a reply brief. [ECF No. 30]. Defendant argues that the Court's ability to "assess potential conflicts of interest" is not a reason to deny

3

Defendant's motion because "the Court can review the proposed sealed filing to makes [sic] its assessment," that the privacy interests in this case outweigh any public interest in disclosure, and that the cases cited by Plaintiff are distinguishable. [*Id.* at 1–4].

C. <u>Discussion</u>

"'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir.2007)) (footnote omitted). "Thus, the presumption in favor of access to judicial records may be overcome where countervailing interests *heavily outweigh* the public interests in access." *Id.* (internal quotation marks and citation omitted) (emphasis added). "The burden is on the party seeking to restrict access to show 'some *significant* interest that outweighs the presumption.'" *Id.* (internal quotation marks and citation omitted) (emphasis added). "To satisfy this standard, the party seeking to maintain documents under seal 'must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the] decision-making process." *Parson v. Farley*, 352 F.Supp.3d 1141, 1154 (N.D. Okla. 2018) (citing the Court's local rules and *Colony Ins. Co. v. Burke*, 698 F.3d at 1242), *report and recommendation accepted and affirmed by Parson v. Farley*, No. 16-CV-423-JED-JFJ, 2018 WL 6333562, at *1 (N.D. Okla. Nov. 27, 2018).

4

"Medical records and confidential business records are examples of the types of private information this court has allowed to be sealed." *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023). Ultimately, though, the decision to seal documents and withhold them from the public is a matter of discretion. *Id.* (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

The Court is not persuaded that granting Defendant leave to file its disclosure statement under seal is appropriate. While Defendant provided an affidavit in support of its position, the statements made by Mr. Al-Rifai identify vague and speculative harms to the business's relationships and the silent member's law practice. Without providing sufficient details or identifying sufficiently confidential information, these vague and speculative harms do not rise to the level of a *significant* interest that *heavily* outweighs the public's interest in accessing court documents. For these reasons, Defendant's motion is denied.

### D. *In Camera* Review

Defendant alternatively asks the Court to "at least review the disclosure statement *in camera* before ruling, so as to satisfy itself with respect to the nature of Swift's limited membership and the identities thereof." [ECF No. 28 at 6]. The Court is not familiar with any of the parties or other individuals and entities identified thus far in this case. But the identity of the silent

5

member is not relevant to the decision about whether Defendant's disclosure statement should be sealed. The relevant question is whether Defendant has identified a "*significant* interest" that "*heavily* outweigh[s]" the public interest in access to court records. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)) (emphasis added). For the reasons explained in more detail above, Defendant has not met its burden.

### III. Conclusion

For the reasons set forth above, Defendant Automotive Industries, LLC's Motion for Leave to File Corporate Disclosure Statement Under Seal and Brief in Support, [ECF No. 28], is DENIED. Defendant is ORDERED to file its disclosure statement no later than February 20, 2026.

DATED this 13th day of February, 2026.

 *Sara Hill*
 Sara E. Hill
 UNITED STATES DISTRICT JUDGE